IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVE OTIS HULSEY,<br><br>  Petitioner,<br><br>vs.<br><br>BEN CURRY, Warden,<br><br>  Respondent.<br><br>_____<br><br>CLEVE OTIS HULSEY,<br><br>  Petitioner,<br><br>vs.<br><br>RANDY GROUNDS, Warden,<br><br>  Respondent.<br>_____ | Nos.  C 08-1009 JSW (PR)<br>      C 10-1754 JSW (PR)<br><br>**ORDER DENYING PETITIONS FOR WRIT OF HABEAS CORPUS AND CERTIFICATES OF APPEALABILITY; DENYING PENDING MOTIONS**<br><br><br><br><br><br><br>(Docket Nos. 5 & 9) |

## INTRODUCTION

Petitioner, a California prisoner proceeding pro se, filed these petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitions challenge decisions by the Board of Parole Hearings ("Board") to deny him parole in 2006 and 2008, respectively. For the reasons set out below, the petitions are denied.

## BACKGROUND

According to the petition, Petitioner was convicted of first degree murder in Tulare County Superior Court and, in April 1990, the trial court sentenced him to a term of 25 years-to-life in state prison. The Board found Petitioner unsuitable for parole at parole hearings in 2006 and 2008. Petitioner challenged these decisions unsuccessfully in all three levels of the California courts, and thereafter filed the instant petitions for a writ of habeas corpus.

## DISCUSSION

Petitioner makes the following claims in both of his petitions: (1) that his right to due process was violated because the denial of parole was not supported by at least "some evidence" of his current dangerousness; and (2) that his rights to due process and to a jury trial were violated because the Board's decisions relied in part upon facts not charged or proven at trial.

A.   "Some Evidence"

As noted, Petitioner claims that the denial of parole violated his right to due process because there was not at least "some evidence" of his current dangerousness. The United States Supreme Court has recently held that a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. *Swarthout v Cooke*, No 10-333, slip op. at 4-5 (U.S. Jan. 24, 2011). Specifically, the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution only entitles a California prisoner to an opportunity to be heard and a statement of the reasons why parole was denied. *Id.* at 4-5. The parole hearing transcripts make it clear that in connection with both parole decisions, Petitioner received both the opportunity to be heard and a statement of the reasons parole was denied. The Constitution does not require more. *Id.* at 5. The Court explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal

requirement." *Id.* It is simply irrelevant in federal habeas review "whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id.* at 6. In light of the Supreme Court's determination that due process does not require that there be any amount of evidence to support the parole denial, Petitioner's "some evidence" claim fails.

B. Right to a Jury

Petitioner also claims that his right to due process and to a jury trial were violated because the Board relied upon facts that were neither charged nor proven by a jury. The Sixth Amendment's right to a jury affords criminal defendants the right to an impartial jury at *trial*. *See Duncan v. Louisiana*, 391 U.S. 145, 149 (1968) (emphasis added). Petitioner cites no authority, and this Court is aware of none, extending the right to a jury trial to a parole eligibility hearing. Indeed, as discussed above, in *Swarthout* the Supreme Court held that due process requires no more than notice of the decision and an opportunity to be heard. Nor is there any authority that parole officials may not rely upon facts not proven at trial; indeed, the very nature of the parole determination requires consideration of many facts, including the prisoner's post-conviction record, that were neither charged nor proven at trial. In the absence of any authority that it is unconstitutional for the Board to consider facts, including facts about the commitment offense, not charged or proven at trial in making a parole determination, habeas relief is not available on this claim.

## CONCLUSION

For the foregoing reasons, the petitions for a writ of habeas corpus are DENIED. The motion to file a supplemental brief in case number 08-1009 JSW (PR), and the motion to dismiss in case number 10-1754 JSW (PR) are DENIED as unnecessary.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a Petitioner is entitled to a certificate of appealability in the same

3

order in which the petition is decided. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find this Court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in these cases.

This order terminates docket number 9 in case number 08-1009 JSW (PR) and docket number 5 in case number 10-1754 JSW (PR).

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: **FEB 17 2011**

JEFFREY S. WHITE
United States District Judge

4